UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS A. MABREY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WASHINGTON METROPOLITAN AREA ) <br> TRANSIT AUTHORITY, ) <br> ) <br> Defendant. ) <br> ) | Case No. 23-cv-00569 (APM) |

## MEMORANDUM OPINION

In this negligence action against Defendant Washington Metropolitan Area Transit Authority ("WMATA"), pro se Plaintiff Thomas Mabrey asserts a single claim of negligence arising from a fall on an escalator at a WMATA subway station in February 2020. Plaintiff alleges that WMATA was negligent for (1) "[f]ailing to properly maintain all areas of egress for passengers in a reasonable safe manner," (2) "[f]ailing to monitor escalators and keep in safe working conditions," and (3) "[f]ailing to employ adequate staff to assist with maintenance and control of working escalators." Notice of Removal, ECF No. 1, Pl.'s Compl. for Negligence and Personal Injury, ECF No. 1-3, ¶ 11. He also contends that WMATA "had a duty of care to give warning of the dangerous condition to the Plaintiff or other [*sic*] similarly situated." *Id.* ¶ 12.

WMATA seeks entry of summary judgment. Def.'s Mot. for Summ. J., ECF No. 17 [hereinafter Def.'s Mot.]. Although the court warned Plaintiff about the possible consequences of failing to respond to WMATA's motion, *see* Order, ECF No. 19, he did not do so. Plaintiff therefore has not disputed any of WMATA's factual assertions. The court therefore accepts WMATA's facts as undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e)(2); *Winston & Strawn, LLP v.*

*McLean*, 843 F.3d 503, 507 (D.C. Cir. 2016). Having considered the full factual record and WMATA's arguments, the court grants the motion for the following reasons.

*First*, Plaintiff has failed to identify any unsafe condition at an "area[] of egress" that gave rise to his claimed injuries. Def.'s Mot., Def.'s Stmt. of Undisputed Material Facts, ECF No. 17-2 [hereinafter Def.'s Stmt.], ¶¶ 36–37.

*Second*, Plaintiff has not identified any escalator malfunction or failure that caused his injuries. To the contrary, video evidence shows that Plaintiff "lost his balance and fell down the remaining [escalator] steps." *Id.* ¶ 19; *see also id.* ¶ 26 ("Mr. Mabr[e]y reported to the EMTs that he 'slipped and fell not paying attention.'"); ¶ 27 (noting that medical records indicate that Mabrey told providers that "he had fallen because he 'missed a step' and 'caught his toe on the escalator'").

*Third*, Plaintiff has not offered any expert testimony as to the standard of care regarding appropriate staffing of a metro facility. *See Burke v. Air Serv Int'l, Inc.*, 685 F.3d 1102, 1105 (D.C. Cir. 2012) ("[A] plaintiff must put on expert testimony to establish what the standard of care is if the subject in question is so distinctly related to some science, profession or occupation as to be beyond the ken of the average layperson." (internal quotation marks and citation omitted)).

*Finally*, Plaintiff has not pointed to any hazardous condition about which WMATA was aware and failed to give proper warning and that caused his injuries. *See Marinopoliski v. Irish*, 445 A.2d 339, 340–41 (D.C. 1982). Plaintiff indeed admits that the escalator step did not malfunction, and he identified no other hazard contributing to his fall. *See* Def.'s Stmt. ¶¶ 30–32.

For the foregoing reasons, Defendant's motion for summary judgment is granted. A separate final order accompanies this memorandum opinion.

Dated: November 22, 2024

Amit P. Mehta
United States District Court Judge